# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 09-200 |
| | ) | Judge Nora Barry Fischer |
| DANIEL HOEY | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

On August 3, 2010, Defendant pled guilty to one count of Wire Fraud Conspiracy pursuant to 18 U.S.C. § 1349, at Count One of the Indictment filed at Criminal No. 09-200. (Docket No. 31). The Court initially scheduled sentencing to take place on December 14, 2010 at 11:00 a.m. (Docket No. 38).

Prior to sentencing, Defendant offered voluminous evidence in mitigation of his forthcoming sentence. (Docket No. 51). In a separate investigation of Defendant, the Government seized property (the "Property") from 100 Mulberry Lane in Pittsburgh, Pennsylvania, during the week of December 6, 2010 pursuant to a grand jury subpoena. (Docket No. 54). On December 8, 2010, the Government filed a motion to continue Defendant's sentencing hearing, asserting that it had recently uncovered evidence indicating that Defendant was involved in a scheme to defraud individuals of substantial funds and that such evidence is highly relevant to the upcoming sentencing hearing. (Docket No. 52 at 1). Defendant objected to the Government's motion arguing reliance on the Government's previous representations that the instant action would "close the book" on its investigation. (Docket No. 53). The Court

1

granted the Government's motion and re-scheduled sentencing to take place on February 25, 2011 at 9:00 a.m. (Docket No. 55).

In light of email correspondence between counsel and Defendant's subsequent Motion for Discovery (Docket No. 58), the Court held a status conference on December 21, 2010. (Docket No. 59). Upon consideration of Defendant's Motion for Discovery (Docket No. 58) and having heard oral argument thereon, the Court ordered the Government to provide Defendant the grand jury subpoena it obtained to seize the Property, and all documents that the Government deemed discoverable, including agent statements or reports that were made during the execution of said seizure. (Docket No. 59).

Next, Defendant filed a Motion to Suppress Evidence and Return Property arguing that Defendant is entitled to suppression of the Property and is entitled to have the Property returned to him because the Government's seizure of the Property was unlawful. (Docket No. 67). Specifically, Defendant contends that the seizure was unlawful because he had a reasonable expectation of privacy in the Property, he did not abandon the Property and the Government did not seize the Property pursuant to a warrant.[1] (Docket No. 67 at 4-7).

In turn, the Government filed its Response to Defendant's Motion to Suppress Evidence and Return Property asserting that Defendant did not have an expectation of privacy in the Property. (Docket No. 73 at 6). To that end, the Government asserts that Defendant abandoned the Property by refusing to remove it from the storage area despite numerous requests to do so and had no right to exclude others from the storage area because he had no independent access to the premises. (Docket No. 73 at 6). In addition, the Government stated that it "does not intend

---

[1] Defense counsel argues that there was no reason at all that a warrant could not be obtained but that the Government chose to obtain the Property with a grand jury subpoena which is a warrantless seizure. (Docket No. 79 at 8).

to use any of the evidence obtained from the issuance of the subpoena at the sentencing hearing." (Docket No. 73 at 8).

The Court held a hearing to address Defendant's Motion to Suppress Evidence and Return Property (Docket No. 67) on January 26, 2011. The parties agreed at the outset of the hearing that Defendant's Motion to Suppress Evidence is no longer at issue because the Government does not intend to use any of the seized evidence at the sentencing hearing. (Docket No. 79 at 3).[2] Therefore, the Court denied Defendant's Motion to Suppress Evidence, as moot. (Docket No. 75). Accordingly, the only issue remaining before the Court is Defendant's Motion to Return Property. (Docket No. [67]).

At the outset, the Court notes that Defendant proffered two emails (D-9, D-10) at said hearing in support of his Motion to Return Property. Counsel for the government objected to the admission of said proffered exhibits arguing that defense counsel has not properly authenticated them. Defense counsel raised a parallel objection to the Government's email exhibits (Docket

---

[2]

Indeed, Defense counsel confirmed at the hearing on January 26, 2011 that the only issue that remained before the Court was Defendant's Motion to Return Property. (Docket No. 79 at 3). Specifically, defense counsel stated that:

> [i]t's my understanding based on the government's response filed yesterday afternoon [January 26, 2011] and a subsequent conversation and email with Mr. Conway, that the government is not going to use any of the evidence, namely, the nine boxes of documents, or any fruits at the sentencing hearing. So we believe that the only issue left for the Court to decide is whether there was an unlawful seizure of the documents, in which case it would be our position that under Federal Rule of Criminal Procedure 41(g), the documents must be returned.

(Docket No. 79 at 3). Despite defense counsel's contradicting statement that the January 26, 2011 hearing was "a suppression hearing to which the rules of evidence do not apply," said hearing was not a suppression hearing. (Docket No. 79 at 15).

3

Nos. 73-1, 73-2, 73-3, 73-4, 73-5, 73-6) attached to its Response to Defendant's Motion to Suppress Evidence and Return Property. (Docket No. 73). In light of Federal Rule of Evidence 901(a) and given that no evidence was presented to provide the Court with any basis for authentication, the Court sustained the objections.[3] (Docket No. 78). Accordingly, the Court will not consider same in ruling on Defendant's Motion to Return Property. (Docket No. 67).

For the reasons set forth below, Defendant's Motion to Return Property (Docket No. [67]) is DENIED, without prejudice.

## II. LEGAL STANDARD

The parties dispute who bears the burden in the instant matter. Defendant asserts that the Property belongs to him. (Docket No. 79 at 3-4). Furthermore, Defendant contends that because he had left the Property in storage at 100 Mulberry Lane, the Property has not been abandoned. (Docket No. 79 at 4). Thus, Defendant maintains that the Government bears the burden to establish by clear and unequivocal evidence that the Property was abandoned. (Docket No. 79 at 4). Conversely, the Government avers that Defendant first bears the burden to establish an expectation of privacy and that Defendant has not presented any evidence to show that he has an expectation of privacy in the Property. (Docket No. 79 at 9). Counsel for the Government articulated its position as "[i]f they do nothing other than [have defense counsel] talking, then they've not met their burden of proof establishing reasonable expectation of privacy. Case closed." (Docket No. 79 at 11). Specifically, the Government submits that Defendant has failed to show any proprietary or possessory interest in the place to be searched or the item to be seized; a right to exclude others from the place where the Property was seized; any normal

---

[3] The Defendant has now filed a Motion for Reconsideration of the Order Excluding the Government Exhibits. (Docket No. 81). The Government's response is due February 11, 2011.

precautions to maintain his privacy; or a subjective expectation that the area would remain free from government intrusion. (Docket No. 79 at 20).

Federal Rule of Criminal Procedure 41(g) allows persons to move the government to return property unlawfully obtained.[4] FED. R. CRIM. P. 41(g); C. Wright, *Federal Practice & Procedure, Criminal 4th* § 690 at 243-56. Rule 41(g) provides that:

> A person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g).[5] The inquiry on a motion to return property is distinct from a motion to suppress evidence. "The return of seized property under Rule 41(g) and the exclusionary rule serve fundamentally different purposes. Suppression helps ensure that law enforcement personnel adhere to constitutional norms by denying them, and the government they serve, the benefit of property that is unlawfully seized. Rule 41(g) is concerned with whose property of privacy interests are impaired by seizure." *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1173 (9th Cir. 2010).

The party who carries the burden must prove it by a preponderance of the evidence. C. Wright, *Federal Practice & Procedure, Criminal 4th* § 690 at 245. When a motion for return of

---

[4] From its original adoption in 1944 until 2002, Rule 41 covered motions to return property under subdivision (e). In 2002, the motion to return provision was re-designated Rule 41(g). C. Wright, *Federal Practice & Procedure, Criminal 4th* § 690 at 243. Courts recognize that case law interpreting former Rule 41(e) generally applies to current Rule 41(g). *Id*.

[5] Both before indictment and after conviction, the person aggrieved may also be able to proceed by an independent civil action for the return or property. *Chambers*, 192 F.3d at 376 (citing *Martinson*, 809 F.2d at 1364); *Comprehensive Drug Testing, Inc.*, 621 F.3d at 1173.

property is made while a criminal investigation is pending, the burden is on the moving party to show why he is entitled to the property. *United States v. Davies*, 2010 WL 3024844 at *6, Civ. Act. No. 08-253 (M.D. Pa., July 29, 2010) (citing *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)). To demonstrate a legal entitlement to the property, the defendant must either: (1) have a proprietary or possessory interest in the place searched or the things seized or (2) have a reasonable expectation that the area in question will be free from governmental intrusion. *United States v. Andujar*, 209 F.App'x. 162, 166 (3d Cir. 2006) (citing *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980)); *United States v. Fulani*, 368 F.3d 351, 353-55 (3d Cir. 2004) (citing *Florida v. Bostick*, 501 U.S. 429, 438 (1991)); *Langbord v. U.S. Dept. of Treasury,* 645 F.Supp. 2d 381, 390 (E.D. Pa., July 28, 2009) (stating that a seizure of property occurs where "there is some meaningful interference with an individual's possessory interest."). Once the defendant has met his burden, the burden then shifts to the government to show by clear and unequivocal evidence that the property was abandoned. *Fulani*, 368 F.3d at 354 (citing *United States v. Moody*, 485 F.2d 531, 533-34 (3d Cir. 1973)).

The initial burden of proof shifts to the government after criminal proceedings have terminated. *Chambers*, 192 F.3d at 377 (citing *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987)). In that instance, the person from whom the property was seized is presumed to have a right to its return and the government must demonstrate that it has a legitimate reason to retain the property. *Chambers*, 192 F.3d at 377 (citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)).

### III.    DISCUSSION

Here, the Government does not intend to use any of the evidence seized at the sentencing hearing. (Docket No. 73 at 8). Therefore, the Property seized from the storage area does not

relate to the instant case. It relates to a separate criminal investigation for which no indictment has been issued. Accordingly, Defendant has the burden to show why he is entitled to the Property because he has filed his Motion while a criminal investigation is pending. *Davies*, 2010 WL 3024844 at *6.

Defendant has failed to meet his burden because no evidence was presented to provide the Court with any basis for finding that the seized property should be returned to Defendant. Instead, counsel for the parties have vaguely referred to the seized property as "nine boxes of documents." (Docket No. 79 at 3). The Court also heard in argument that Defendant's former wife, Helen Hoey, laid claim to the boxes by appearing at the storage site on December 3, 2010 with professional movers to remove objects from the storage space. (Docket No. 79 at 4-5). As noted by the Court during the hearing, the Court has no information beyond this description regarding any of these boxes outside of defense counsel's insistence that these boxes contain personal papers. The Court, however, does not know the size of the boxes; what their contents are; to whom their contents belong; who put the boxes in storage; why they put the boxes in storage; who owned the storage space; what the intent was behind keeping the boxes in storage or who else, if anyone, had access to the storage space. (Docket No. 79 at 15). Moreover, the Court was not offered any evidence, for example, in the form of photographs of the boxes and storage space, receipts and or even a sampling of the documents.

Ms. Hoey did not appear nor testify at the hearing as a witness. Likewise, the Slatterys, who allegedly own the storage space, were not called as witnesses nor did they provide Affidavits. In addition, Defendant was present throughout the hearing but, through counsel, he asserted his Fifth Amendment rights and did not testify. (Docket No. 73 at 23). Similarly, Postal Inspector Tammy Thornhill was present at the hearing but did not testify.

7

All the Court has <u>presently</u> before it are allegations, counsels' arguments and legal briefs. Therefore, the Court has been presented no facts to analyze and answer any of its pertinent queries, *see Andujar*, 209 F.App'x. at 166, and the burden does not shift to the Government to show that the Property was abandoned. *Fulani*, 368 F.3d at 354.

To the extent that defense counsel may somehow claim that she misapprehended the purpose of the hearing on January 26, 2011, as she stated she was unprepared to offer evidence at one point in the proceeding[6] (Docket No. 79 at 12), the Court believes that defense counsel was aware that the scheduled hearing was the proper time and place to present evidence in support of the Motion to Return Property. (Docket No. 73). Indeed, defense counsel acknowledged the need for a hearing to develop facts in support of the Motion to Return Property (Docket No. 67) during oral argument on December 22, 2010. Specifically, defense counsel stated that:

> . . . we'll then move forward with a rule -- with a motion to return the documents under the applicable Federal Rule of Criminal Procedure because we do not believe they were seized lawfully or consistent with the Fourth Amendment and the subpoena was the appropriate way to proceed here. We'll proceed with that and I guess we'll just have to develop the facts at a hearing.

---

[6]

The Court: Well, Ms. Sims, here's my question. The documents have been described as nine boxes and what their contents are, I have no idea. You've also told me that Helen Hoey showed up five days before with professional movers and she was supposed to be taking these documents. So, I don't have any evidence before me. All I have is an opening statement and briefs on both sides, and I don't know, No. 1, what are these documents? What are in these boxes? I don't know if these papers are Mrs. Hoey's or Mr. Hoey's or somebody else's, so I don't know anything because I have no facts. So it seems to me that at a minimum, I need to hear from Mr. Hoey or Mrs. Hoey who owned this stuff, what the arrangements were for its storage, what the parameters of that storage was, et cetera, et cetera. I haven't heard that.

Ms. Sims: Well, Your Honor, we're not prepared to do that at this time, and I guess we'll just have to wait until the government tries to use the documents and assert that they belong to Mr. Hoey. (Docket No. 79 at 11-12).

(Docket No. 64 at 20).  To that end, the Court is also mindful of Government counsel's email to the Court and defense counsel dated January 25, 2011 indicating that he was prepared to call witnesses at the hearing.  (Docket No. 79 at 14).  In said email, counsel for the Government informed the Court that:

> [t]here is still the issue of the Motion for Return of Property.  I intend to have two witnesses (Tresa Slattery and Inspector Richards) prepared to testify, but I do not really believe that it will be necessary to call my witnesses because I do not believe that Defendant will present sufficient evidence for the Court to conclude that he has met his burden of proof related to his expectation of privacy.  If the Court disagrees, I expect that my presentation will take an hour or so.

Indeed, counsel for the Government reiterated his understanding by declaring at the hearing that "it was clear to the parties based upon our conversation that this was to be a hearing." (Docket No. 79 at 14).

The Court also notes that counsel for the Government has repeatedly stated the Property is available to Defendant and his counsel for their review at their convenience.  (Docket No. 79 at 25).  Moreover, he maintains that if Defendant wishes to request a reasonable selection of documents to copy, the Government will comply.  (Docket No. 79 at 25).  To the extent that Defendant maintains that the Government should bear the cost of copying, the Court set forth a briefing schedule.  (Docket No. 76).  Indeed, Defendant filed a Motion for the Government to Bear Discovery Costs of the Property on February 2, 2011.  (Docket No. 80).  The Government's response to said motion is due on or before February 9, 2011 at 5:00 p.m.  (Docket No. 76).

### IV.    CONCLUSION

At this stage, there is no evidence before the Court.  Therefore, Defendant has failed to meet his burden to demonstrate a possessory interest in the Property or a reasonable expectation

that the Property or the storage area would be free from governmental intrusion. Accordingly, Defendant's Motion to Return Property (Docket No. [67]) is DENIED, without prejudice.[7]

                                                                *s/ Nora Barry Fischer*
                                                                 Nora Barry Fischer
                                                                 United States District Judge

Dated: February 4, 2011
cc/ecf: All counsel of record.

---

[7] Considering that the Property relates to a separate criminal investigation for which no indictment has been issued and the Government has declined to present same in this criminal action, Defendant may seek relief in a future criminal proceeding or bring a civil action for return of the Property. *See Chambers*, 192 F.3d at 376 (citing *Martinson*, 809 F.2d at 1364); *Comprehensive Drug Testing, Inc.*, 621 F.3d at 1173.