# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 09-200 |
| | ) | Judge Nora Barry Fischer |
| DANIEL HOEY | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

**I.  INTRODUCTION**

On August 3, 2010, Defendant pled guilty to one count of Wire Fraud Conspiracy pursuant to 18 U.S.C. § 1349, at Count One of the Indictment filed at Criminal No. 09-200. (Docket No. 31). The Court initially scheduled sentencing to take place on December 14, 2010 at 11:00 a.m. (Docket No. 38).

Prior to sentencing, Defendant offered voluminous evidence in mitigation of his forthcoming sentence. (Docket No. 51). In a separate investigation of Defendant, the Government seized property (the "Property") from 100 Mulberry Lane in Pittsburgh, Pennsylvania, during the week of December 6, 2010 pursuant to a grand jury subpoena. (Docket No. 54). Two days later, the Government filed a motion to continue Defendant's sentencing hearing, asserting that it had recently uncovered evidence indicating that Defendant was involved in a scheme to defraud individuals of substantial funds and that such evidence is highly relevant to the upcoming sentencing hearing. (Docket No. 52 at 1). Defendant objected to the Government's motion arguing reliance on the Government's previous representations that the instant action would "close the book" on its investigation. (Docket No. 53). The Court granted the Government's motion and re-scheduled sentencing to take place on February 25, 2011 at 9:00 a.m. (Docket No. 55).

1

In light of email correspondence between counsel and Defendant's subsequent Motion for Discovery (Docket No. 58), the Court held a status conference on December 21, 2010. (Docket No. 59). Upon consideration of Defendant's Motion for Discovery (Docket No. 58) and having heard oral argument thereon, the Court ordered the Government to provide Defendant the grand jury subpoena it obtained to seize the Property, and all documents that the Government deemed discoverable, including agent statements or reports that were made during the execution of said seizure. (Docket No. 59).

Next, Defendant filed a Motion to Suppress Evidence and Return Property arguing that Defendant is entitled to suppression of the Property and to have it returned to him because the Government's seizure of the Property was unlawful. (Docket No. 67). In turn, the Government filed its Response to Defendant's Motion asserting that Defendant did not have an expectation of privacy in the Property. (Docket No. 73 at 6). In addition, the Government stated that it "does not intend to use any of the evidence obtained from the issuance of the subpoena at the sentencing hearing." (Docket No. 73 at 8).

The Court held a hearing to address Defendant's Motion to Suppress Evidence and Return Property (Docket No. 67) on January 26, 2011. The parties agreed at the outset of the hearing that Defendant's Motion to Suppress Evidence was no longer at issue because the Government does not intend to use any of the seized evidence at the sentencing hearing. (Docket No. 79 at 3).[1] Therefore, the Court denied Defendant's Motion to Suppress Evidence, as moot. (Docket No. 75).

---

[1] Indeed, Defense counsel confirmed at the hearing on January 26, 2011 that the only issue that remained before the Court was Defendant's Motion to Return Property. (Docket No. 79 at 3). Specifically, defense counsel stated that:

The Court acknowledges that Defendant proffered two emails (D-9, D-10) at said hearing in support of his Motion to Return Property. (Docket No. 79 at 6). Counsel for the Government objected to the admission of said proffered exhibits arguing that defense counsel has not properly authenticated them. (Docket No. 79 at 6-7). Defense counsel raised a parallel objection to the Government's email exhibits, (Docket Nos. 73-1, 73-2, 73-3, 73-4, 73-5, 73-6), attached to its Response to Defendant's Motion. (Docket No. 73). In light of Federal Rule of Evidence 901(a) and given that no evidence was presented to provide the Court with any basis for authentication, the Court sustained the objections. (Docket No. 78). Accordingly, the Court did not consider same in ruling on Defendant's Motion to Return Property. (Docket No. 82).

On February 3, 2011, Defendant filed a Motion to Reconsider the Order Excluding Government Exhibits. (Docket No. [81]). The Government submitted its Response to Defendant's Motion to Reconsider on February 9, 2011. (Docket No. 84). For the reasons set forth below, Defendant's Motion to Reconsider the Order Excluding Government Exhibits (Docket No. [81]) is DENIED, without prejudice.

---

> [i]t's my understanding based on the government's response filed yesterday afternoon [January 26, 2011] and a subsequent conversation and email with Mr. Conway, that the government is not going to use any of the evidence, namely, the nine boxes of documents, or any fruits at the sentencing hearing. So we believe that the only issue left for the Court to decide is whether there was an unlawful seizure of the documents, in which case it would be our position that under Federal Rule of Criminal Procedure 41(g), the documents must be returned.

(Docket No. 79 at 3). Despite defense counsel's contradicting statement that the January 26, 2011 hearing was "a suppression hearing to which the rules of evidence do not apply," said hearing was not a suppression hearing. (Docket No. 79 at 15).

3

## II. LEGAL STANDARD

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc.*, 98 F.Appx. 78, 81 (3d Cir. 2004) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). The standard that Defendant must meet to prevail on a motion for reconsideration is high. *Berry v. Jacobs IMC, LLC*, 99 F.Appx. 405, 410 (3d Cir. 2004). The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, 2008 WL 5429620, at *1, Crim. Act. No. 03-245 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

A party's mere disagreement with the Court does not translate into the type of clear error of law which justifies reconsideration of a ruling. *Miller v. Lamas*, 2011 WL 398408, at *1, Civ. Act. No. 10-51 (M.D. Pa. Feb. 2, 2011) (citing *Dodge v. Susquehanna Univ.*, 796 F.Supp. 829, 830 (M.D. Pa. 1992)). Furthermore, "because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Id.* (quoting *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D. Pa. Mar. 27, 1995)). It is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court. *Id.* (citing *Dodge*, 796 F.Supp. at 830). Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue. *Id.* (citing *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. Sept. 1, 1983).

## III. DISCUSSION

Defendant does not allege in his Motion to Reconsider (Docket No. 81) that the controlling law has changed since the Court issued its ruling on January 28, 2011, sustaining the parties' parallel authentication objections. (Docket No. 78). Instead, Defendant merely submits new argument; not new law. *Miller*, 2011 WL 398408, at *1. Specifically, Defendant argues that given the Government's email exhibits, (Docket Nos. 73-1, 73-2, 73-3, 73-4, 73-5, 73-6), attached to its Response, (Docket No. 73), the Government admits that the Property belongs to Defendant and Defendant's ex-wife, Helen Hoey. (Docket No. 81 at 7). Next, Defendant asserts that the Government also admits that Defendant is the rightful owner of the Property in its Response (Docket No. 73) wherein it states that:

> [b]ased on this information and the reasonable conclusion that the Defendant had abandoned the Property, Postal Inspector Richards requested that the U.S. Attorney's Office issue a subpoena to Slattery for the Defendant's materials.

(Docket No. 81 at 7). Defendant, relying on *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994), contends that these statements are admissions and such evidence may be admitted against the Government. (Docket No. 81 at 8). Indeed, pursuant to Federal Rule of Evidence 801, the Court may treat statements in briefs as binding judicial admissions of fact. FED. R. EVID. 801(d)(2); *Purgess*, 33 F.3d at 144. However, this is not new law. Wright & Miller, Rule 801(d)(2): Admission by Party-Opponent, 30B Fed. Prac. & Proc. Evid. § 7015 (1st ed.); *United States v. Nakaladski*, 481 F.2d 289 (5th Cir. 1973). Defendant had the opportunity to argue admissibility by admission at the hearing but waited until his Motion to Reconsider to do so. (Docket No. 81). Further, Defendant does not aver any significant change in law or facts since the Court issued its ruling. *See Banks*, 2008 WL 5429620, at *1. Similarly, Defendant has not submitted any evidence that was unavailable at the time that the Court reached its conclusion

regarding same. (Docket No. 78). Therefore, Defendant cannot use his Motion to Reconsider as a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court. *Miller*, 2011 WL 398408, at *1.

In addition, there is no manifest injustice that this Court needs to prevent at this time because the Government has repeatedly asserted that it will not rely on the Property at the upcoming sentencing. (Docket Nos. 73 at 8; 79 at 16). To the extent that Defendant wants a ruling on the admissibility of the Government's email exhibits, he may bring said motion, if and when, the Government moves to indict him in a separate action related to the Property. (Docket No. 82).

### IV. CONCLUSION

With Defendant having set forth insufficient basis for the Court to reconsider its ruling, the Court declines to do so. Accordingly, Defendant's Motion to Reconsider the Order Excluding Government Exhibits (Docket No. [81]) is DENIED, without prejudice to Defendant raising the issue anew, if and when, the Government brings an indictment related to the subject property.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: February 15, 2011
cc/ecf: All counsel of record.